IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EVA ANDERSON                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 2:15cv54-KS–MTP

OCWEN LOAN SERVICING LLC &
EMPLOYEES A-Z                                                                               DEFENDANTS

### ORDER

THIS MATTER is before the Court on the Motion to Compel [53] filed by the *pro se* Plaintiff Eva Anderson. Having carefully considered the motion, the submissions of the parties, and the applicable law, the Court finds that the Motion to Compel [53] should be DENIED.

In the instant motion, Plaintiff alleges several deficiencies in the response of Defendant Ocwen Loan Servicing, LLC to Plaintiff's Interrogatory No. 1. The interrogatory and the Defendant's response are as follows:

**Interrogatory No. 1.** Please state your name, address, place of employment; dates of employment, start date to current and in detail describe your duties.

**Response to Interrogatory No. 1.** Ocwen objects to this "Interrogatory" as it is vague, overly broad and appears to seek information which is not relevant. Ocwen assumes that this "Interrogatory" is asking for information regarding the person answering on behalf of Ocwen. Ocwn directs the Plaintiff to the Verification page which will be produced upon receipt. Objections have been made through counsel where appropriate.

Upon receipt of the Defendant's responses, Plaintiff sent a letter to counsel for the Defendant, which she attaches to the instant motion. In the letter, Plaintiff complains that the

1

interrogatory responses were not answered by an authorized agent for the Defendant, were not answered under oath, and were not answered in full.[1] In response to the letter, Defendant sent a verification to the Plaintiff. The verification was written and signed by Crystal Kearse, a senior loan analyst employed by Ocwen Loan Servicing, LLC. The verification provides that Kearse is an authorized agent of the Defendant, and that the foregoing interrogatory responses are true to and correct to the best of her knowledge.[2]

In the instant motion, Plaintiff argues: (1) that the Defendant's responses were not answered under oath; (2) that "[t]here was not a Power of Attorney or Corporation Resolution to authenticate that Crystal Kearse could act on behalf of the defendant, that she in fact is an agent, nor was there a corporate seal;" and (3) the interrogatory was not answered in full. In its Response, Defendant argues that it has fully complied with the requirements of the Federal Rules of Civil Procedure.[3]

Federal Rule of Civil Procedure 33(b)(1)(B) provides that if interrogatories are served upon a business entity, they must be answered "by any officer or agent, who must furnish the information available to the party." Furthermore, the interrogatories must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Finally, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." *Id.* at 33(b)(5); *see also Entergy Louisiana, Inc. v. Nat'l Union Fire Ins. Co., et al.*, No. Civ. A. 98-219, 1999 WL 239511 at *2 (E.D. La. April 21, 1999).

The Court finds that the verification provided by the Defendant complies with the

---

[1] *See* Letter [53-1].

[2] *See* Verification [55] at 5.

[3] *See* Response [55] at 1-2.

requirements of Rule 33. The verification was signed under oath by an individual authorized by the Defendant to do so, and states that the responses are true and correct. The Plaintiff argues that Kearse is without authority to respond to the interrogatories due to her job title, but such an argument is not well taken. Rule 33 only requires a business entity to designate an agent to answer and sign the interrogatory responses–it does not require the designated agent to be an officer or employee of any particular title. *See United States v. 3963 Bottles, More or Less, Enerjol Double Strength*, 265 F.2d 332, 336 (7th Cir. 1959). Likewise, the formalities the Plaintiff argues are necessary to ensure that Kearse is an authorized agent are not required by Rule 33, and the Plaintiff provides no other legal support for her assertion.

Finally, the Court finds that the Defendant's response to Plaintiff's Interrogatory No. 1 requires no supplementation. Through its response and subsequent verification, Defendant identified its authorized agent and provided her job title. The personal address, dates of employment and duties of Defendant's authorized agent are not relevant to the Plaintiff's claims.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel [53] is DENIED.

SO ORDERED this the 3rd of November, 2015.

>s/ *Keith Starrett*
>UNITED STATES DISTRICT JUDGE